Welcome to everybody and I say everybody because we are hearing a lot of cases today. We are hearing six. I know there are a lot of you stacked up here and probably some in the lawyers lounge, so thank you for being here. For those of you who are not familiar with the traffic light system, you will see the time will tick off on the clock and when you reach the two yellow light and when you get to the red light, that is time for you to finish your sentence. Not to start a whole new topic. I will stop you if you do. Our first case is 23-12136, the United States of America v. Plamen George Velinov. Mr. Kerr, if you are ready, you may proceed. I see that you have reserved six minutes for rebuttal. May it please the court, counsel, I am Chris Kerr here on behalf of Plamen Velinov. Mr. Velinov was denied a fair trial in at least three ways. He was denied the right to cross-examine on the court of his defense while the government freely described the new star images as sexually explicit in opening and on direct examination. Secondly, the use of the vague DOST factors or DOST factors in jury instructions impermissibly expanded the statutory language on sexually explicit conduct and lascivious exhibition to include anything and different things that jurors found offensive in the images. And third, the combination we submit made it impossible for a rational juror to decide whether the FBI agent who initiated this case was in fact correct when she repeatedly told her DOJ superiors that this material was lawful commercial child erotica rather than unlawful child pornography. On the issue of the child erotica, isn't that a legal conclusion so that it would have been permissible for the witnesses to testify like child erotica is legal? Well, Your Honor, we argue that it was not and submitted a supplemental authority, a case decided by this court on December 2nd, United States v. Graham. Yeah, but that's a RICO case and that dealt with the issue of gangs and so the issue there had to deal with a factual issue. In fact, we were very clear about that, that the one reason why we said the district court got it wrong because it went to issues of fact, not issues of law. And so I'm not sure Graham answers the question that Judge Branch did, so maybe answer the question that Judge Branch asked you. Yes, Your Honor. Well, if anything, the issue of whether or not this is sexually explicit material or lascivious exhibition is a fact question for the jury to decide. And whether child erotica rises to the level or is lascivious enough, as some of the cases put it, to rise to the... But the question of is child erotica legal or illegal is a legal question. Certainly the application of the definition of what is a lascivious exhibition is ultimately a jury question. But what is that thing as a matter of law, which at least some of the questions that were asked seem to suggest, seems to fall on the legal side as opposed to the factual side. Well, Judge Luck, I agree with you that that is a legal matter as to whether or not child erotica constitutes child pornography. However, the questions that counsel at trial intended to ask were questions about why the agent categorized this as child erotica, not whether or not she concluded this material was legal. That was not... But her intent, and first of all, I'm not sure the questions went to exactly what you... That may have been what counsel wanted to ask. I'm not sure that's what counsel did ask, but I can read you some of the questions. But they went to is child erotica legal or some of the questions. But counsel, you were, your client was able to get in front of the jury that the FBI agent categorized these things as child erotica. You got a good instruction, in fact, one the government objected to, about child erotica in the jury instructions. And counsel was allowed to argue extensively to the jury the legal theory that he wanted to argue. And under those circumstances, I don't see how there's been a deprivation such that it would fall under the Sixth Amendment cases and the Fifth Amendment cases where we've reversed. Well, Your Honor, respectfully, I believe that the questions went beyond just what child erotica was. And this is not an intuitive issue that's an easy jury question as to what falls, particularly after free speech coalition, what falls on one side of the line or the other as to what is child pornography. And the jurors, the counsel was prevented from asking any questions about what the agents met throughout the trial about what they meant by sexually explicit as versus sexually suggestive. Anything to do with what was the core of Mr. Velenov's defense. It's no substitute to get a one line in a long jury instruction as to at the end that child erotica is sexually suggestive material that's not child pornography. That doesn't substitute for the entire length of the trial being prevented from asking witnesses questions about how they determine what is on one side of the line or the other. I know, but counsel, you were allowed to elicit what they had categorized these things of themselves. You had the definition of what was legal and illegal, including the one you asked for. And you were allowed to argue that, see, the agents themselves have categorized this as not falling within the legal line as defined, as the law has been given to you. That is the defense. Now, the jury didn't buy it. But that doesn't mean that you weren't entitled to, that you didn't actually have a factual basis for it or a legal basis for it. The rest is within the discretion of a trial judge to say, this is allowed, this is not allowed, right? I mean, that's what trial judges do. Well, I think that counsel, the government counsel in Graham also argued that the defense was trying to get a legal conclusion as to what is a racketeering enterprise also and failed on that score and said, look, if the government is going to repeatedly offer lay and other expert testimony that this is an enterprise or this is lascivious exhibition, then the defense has to be given a lot of leeway to ask questions about that. Actually, that's not what happened there, is it? The defense wanted to introduce its own expert to rebut that. That's not what happened here. It wasn't a cross-examination limitation in that case. It wasn't cross-examination, but I don't think that makes a difference, Your Honor. I think it makes a big difference under our law in terms of what discretion. What we've said, as I understand our law, is that once you're entitled to, once you are allowed to present your defense, then it's within the court's discretion to decide what the sort of parameters of what's allowed and not allowed. But constitutionally, you're required to be able to present your defense. As I read the transcript here, the defense was clearly presented to the jury, and there was both a factual and legal basis for the defense, but all that was excluded was some cross-examination questions. It's hard for me to see how that's abuse of discretion. You have two minutes left, and what I'd really like you to do is talk about what I think is the closest issue in the case, and that is the sufficiency issue of whether these images themselves are sufficiently lascivious exhibition as defined under the law. Yes, Your Honor, and I don't believe that they are. Give us your best argument for why. Because I think if you look at the precedents of this court and the cases cited by the government and all the precedents out there on that issue, there is a component of sexual abuse involved in the production of the images in all the other cases, whether it's stated or not. Yeah, but not is pretty doing a lot of work there. I mean, the definition doesn't say it has to be sexual abuse, and in our published opinions, Holmes, for example, Grabowski is another one, but Holmes in particular, there was no abuse there as we would traditionally. It was someone who just recorded their stepchild while she used the restroom, and we said that because of the nature and how it was done and the editing and the focus that that turned into a lascivious exhibition, but there was no abuse as you and I, I think, would traditionally understand that term to be, right? Your Honor, yes, I would disagree with that because I think that you can call it abuse for a stepfather to surreptitiously photograph his daughter's pubic area can cause the kind of damage that was considered sexual abuse in the decision in Free Speech Coalition. Yeah, but there's no damage part to this definition. There's no, this is just horribly intrusive and it's going to cause psychological damage. The question is simply, is this a lascivious exhibition of these areas? That's it. Well, it's sexually explicit conduct in that form. And then it's defined as a lascivious exhibition of those areas. However, Free Speech Coalition makes clear that, and that wasn't until 2002, that under the First Amendment, the government may outlaw obscenity and it may outlaw pictures that are the product of sexual abuse. Very clear about that. And I think that that changed, that that's when you, the courts start using the term child erotica a lot in cases and making distinctions. Before that, the court struggled, it was very difficult, came up with the Dost factors after 1982, Ferber in 1986, and courts struggled with, not with the other categories, they obviously, child pornography, clothed or not, if you have pictures of children involved in intercourse and sadomasochism and bestiality, but they did struggle with that last category in coming up with a definition. And I think that you see child erotica arising as a term in common use. But what's your best argument for why the images at issue are not the lascivious exhibition of the pubic area of children? I understand that they are clothed, but they're all sexually suggestive poses focused on the underwear, which in a number of cases is transparent. So you can see the pubic area. How does this not fall under the statutory definition of this? Because there was no evidence produced at trial that there was any sexual abuse involved. So your argument hinges on what you're arguing is the lack of sexual abuse. And what is your definition of sexual abuse? And the fact that that is no distinction between what courts after 2002 have considered legal child erotica can be described in exactly the same way. It's no limiting principle to just say that you have these pictures of girls in underwear. How can you argue on the one hand that there's sexual abuse for the surreptitious recording of the stepdaughter, from Judge Luck's example, and the situation here where these children are posed in an incredibly sexually suggestive manner? So the person photographing them has clearly put them in these positions. They're aware of that. They're aware they're being photographed with their legs in the air, with their underwear showing. And yet, under Judge Luck's example, the stepdaughter has no idea that the recording is being made. How are those different, and how is Judge Luck's example sexual abuse? That example is different in that that will cause, I think it's indisputable, that when that daughter finds out that her father whom she trusted did that, that will cause damage. So your definition of sexual abuse is if a stranger is taking suggestive pictures of you and putting you in a picture where you're doggie style and you're touching yourself and you're like an eight-year-old girl, that that's not going to cause sexual abuse? Well, Your Honor, I don't think there is any picture like that in this. There were some pictures of a child who was posed in a doggie style, and there were other pictures where the pubic area was obviously the focus of the picture, and there were other pictures where there were a girl with sheer panties and the focus was on the genitalia. There were photos. These were photos. Are you suggesting that that would not cause sexual abuse of a child who later becomes a young woman and knows that these pictures are out there? Well, there was no evidence produced at trial that this constituted any kind of sexual abuse. I'm just asking where your limiting principle is on what sexual abuse is, since that is what your position is, is that it has to constitute sexual abuse. I think that's different from Holmes, for example, because the parents are involved in the photo sessions. Sexual abuse is only parents. It does not have to involve strangers. How did those children get into those pictures? Were parents involved? I'm sorry? How did those children get into the pictures? How were the photographs taken? Do we have any evidence of that? The parents were present for the photo sessions, and these were portrayed as modeling sessions. There's no dispute that this was salacious and awful material. There's no disagreement on that. But I think that the court has to have a line that's informed by Free Speech Coalition that respects what the Supreme Court in Ferber warned against, which was an expansive construction of this particular phrase of lewd exhibition, which because of the over-breath problems that we get into. Thank you, Mr. Kerr. You still have six minutes for a rebuttal. Mr. Reynolds. Thank you, Your Honors. Good morning, and may it please the Court. Kyle Reynolds on behalf of the United States. Let me first address what Mr. Kerr just said about sexual abuse, and I'll make two quick points about that. Number one, sexual abuse is absolutely not required by the statute. 2256A2 says lascivious exhibition of the genitals or pubic area of any person. It does not require an additional restriction that it depicts sexual abuse. Point number two, to what I believe was Judge Lagoa's point, there was absolutely sexual abuse involved in these photos. To pose, to dress a minor and pose them in the poses that they are in when they were depicted in these images is, I would think by anyone's definition, sexual abuse of young prepubescent children. To Judge Luck's point that sufficiency is the closest argument in this case, I would say that it might be the closest argument presented in the defense's briefs, but we do not see this as a close case. The legal standard, as the Court well knows, is not whether a reasonable jury must have reached the conclusion that it did. We don't have any cases in our circuit saying that non-nudity, and I think there might be an open question of whether there is nudity here, but we don't have a case where we've held, I should say, that it falls within the definition of sexually explicit content and specifically it's a lascivious exhibition of these areas where there is no nudity. I don't believe there's a published case in which... There's not. I'm not interested in unpublished cases. I know the unpublished cases, I'm just not interested in talking about them. So I think that's why, when I say that that's the closest issue, that's why this is the closest issue. This is not something that has precedent in this circuit. And you may be right about it, and you may be right about it for many of the reasons and many of the questions that were asked of your opposing counsel, but it is clearly the closest question here and one that I think we need to delve into, and I think you need to answer how it is that Congress specifically said, not just lascivious exhibition, but lascivious exhibition of three specific things, and yet arguably, and maybe the arguably is what you should be arguing to us, you can't see the three things that Congress has specifically identified. Your Honor, I would respond to that by saying, first of all... Let me be even more specific about it. You can't see an anus, can you? Not an anus. You can't see genitalia, can you? I would disagree with that. Okay, tell me why. I think that's where you need to be arguing. Thank you. The images in this case did include, and the images presented to the jury did include depictions of minors wearing sheer transparent underwear in which their genitals are visible through their underwear. These were collected and presented to the jury in, among other... And I read your brief on that point, it'd be very helpful if you can identify the specific page of the specific exhibit that you think best says what you've just said. I can follow up with a page, I don't have a page off the top of my head, but it's government exhibit 344. I know, but 344 is a large exhibit, and many of them are larger exhibits. Each of us here has done the hard work here of looking through this material because of how serious this issue is. And so, it'd be very helpful if you pointed us to a specific one that you think is the best representation of what you've just said, which is, in fact, you can see the genitalia because the undergarments are sheer. I would be happy to follow up with a... Thank you. ...something with the court. But again, Your Honor, as you've read in our brief, our position is that that could well decide this case, those facts which were presented to the jury, but that is not required. And every single court of appeals that has faced this question has held that nudity or visible genitals is not required to be a lascivious exhibition. At what point does it not have to be? In other words, at some point, there's enough clothing that it probably, no matter how someone is posed or how someone looks, it's not enough. You would agree with that? Very likely. Okay. So, tell me where that point is. I mean, the point is, the point at which, is at which a jury decides that the government has... That's not enough. You can't just... This is a judge decision, not a jury decision. Sufficiency is for the judge to decide. I'm asking you as a matter of law. In other words, you cannot tell me that DOJ's position is we're just going to charge whatever it wants and a jury is going to tell us what's guilty and not. That's not, that is not the answer to the question. What is the legal line in which a judge must grant judgment as a matter of law based on the fact that there is no nudity, that you cannot see genitalia, you cannot see the pubic area, and you cannot see the anus? I would say that, of course, it's a multi-factor test, but if the children are not posed in obviously sexual ways as they were in the... But that gets to the lascivious nature of it. I'm not sure that gets to the question that I'm asking, because there's two aspects of this, right? It has to be lascivious, and I think the posing and how one looks and the accompaniment, that gets to whether this was done for lascivious or if this is a serious catalog, right? So that's what Farber is trying to distinguish. That's why this is not that question. That question seems pretty obvious here. The harder one is, does it show the three things that Congress has specifically identified as being required to show to be sexually explicit? Sure. And the question, the answer is, does the image on its face sufficiently draw attention to the child's clothed genitals, pubic area, or anus? So what if you had a situation where there was sort of a Christmas story, the movie, the children are dressed in very puffy snowsuits. So the only skin that you can see is the face, and that child is posed in a sexually explicit manner. In fact, exactly as the children are posed here. Wearing a snowsuit. A puffy snowsuit, so it's not skin tight, and you cannot see the genital area. Is that child pornography under this statute? No. Why? What is the limiting principle? So where's the line between that and what we have here? Well, the limiting principle would be a combination of what sort of clothing is it? As Judge Brant points out, if it's a snowsuit, if it is, if it by definition obscures any view of the genitals or pubic area, it is a very, very hard- Okay, so what if it's jeans? So tight jeans, someone is posed in the exact same positions as posed here. There's people, there's children that are on their backs with legs spread. There's children on all fours facing the rear side. Same exact positions, but wearing jeans. If their jeans go down to their ankles, that's very likely not lascivious. If, as in this case, there are jeans that come up far past where the pockets would end, they come up, the children are posed in such a way that it's clear, their genital area is prominent. I think he's talking about jeans, not jean shorts. Right. Jeans. He's just talking about jeans. Not jean shorts. Levi's, Calvin Klein's, you know, jeans. I think it would be exceedingly unlikely that an image of a child wearing jeans could be a lascivious activity. Can I ask a question? Is there, let's assume that we reviewed the images and I agree that there are some that show the genitalia, okay, through the sheer underwear. Is one image sufficient or do you need more than one image to convict? It depends on the, in this case? Yes. We need, this is, of course, Your Honor, this is a conspiracy case. The role that the images played in our theory was to provide evidence of what the unlawful agreement was. They have to have been advertised or distributed. So, Judge Lewis' question is very simple. Is it enough to have one sheer image, assuming that was it, that that was advertised or distributed for it to have been a conviction for the conspiracy? In this case, probably not, to be candid, Your Honor. More than one would be necessary to show that it was, if the images were the only evidence of the conspiracy, I would say more than one was necessary. In this case, there is, of course, other evidence of the conspiracy, such as the defendant talking to his co-conspirators about girls showing panties, girls being nuclear sexy and that sort of thing. But if the only evidence of what the underlying agreement was, was one sexually explicit image out of hundreds and hundreds and hundreds, then we would, we would agree that it's probably not sufficient. That, of course, is not this case. So, so can I go back to my series of questions? So I, we started at jeans and I think you've conceded that if it was just jeans, that would not be enough if similarly posed. So let's get to shorts. So just a regular pair of shorts. Would that be sufficient? If, again, posed the exact same way? It would be, it would be closer. On its own, if the child was posed as the children in this case were, where their legs are spread to the camera in poses that obviously invoke sexual desire or sexual intercourse, the length of the shorts would be a factor. It can't just be the pure interest of the viewer. I mean, I'm not saying that's not a factor, and I think that goes to lasciviousness, but if you can't see any of the things that Congress has identified, how can it possibly meet the  Two reasons, Your Honor. As the Knox Court has pointed out, the Knox Court pointed out, the term is not just exhibition in isolation. It's lascivious exhibition.  And those two words, read in concert, should categorize the term exhibition as the types of exhibition that can give rise to sexual desire. And as Knox... I don't disagree with that. But again, we're talking about the second half of that, which is as to specific areas. In other words, it's not just that these are pictures that are done to show a lascivious interest in those that seek to view them. It is that it's done with, as exhibiting specific areas of the human anatomy. And so, I guess my question is, if those specific sections of the human anatomy are clothed, how do we get there? Clothing can be used to conceal, and clothing can be used to draw attention. I would say that if the clothing is such that, as in this case, it draws attention to the children's pubic area or genitals, as children wearing bikini bottoms spreading their legs do, as children wearing underwear spreading their legs do. So, unlike the snow pants example, if the clothes are such that the image draws attention to the child's pubic area or genitals, then we would say that that qualifies. Of course, there are shades of gray here, Your Honor. We would not concede that there are shades of gray in this case. We think this case is well over the lasciviousness line. But there are shades of gray here. But the more attention that the clothing draws to the children's pubic area or genitals, the more likely the image is to be lascivious. Why don't you address the expert issue? Very well. The child erotica issue? No, the expert. Yes, the issue that somehow counsel was precluded from introducing evidence in support of his defense, such that it fits within Graham and those cases that we've reversed for failure to meet the requirements of the Fifth and Sixth Amendment. Very well, Your Honor. Child erotica is a legal conclusion. It simply is. In fact, that's really the only understandable content to it, is that it is, by definition, legal. I know, but they ask some of the questions. There are some questions that clearly are, what is child erotica, which I agree with you. But there are some questions that tend to be a little bit more on the factual side, which is, did you, in fact, label this that way? And why did you label this that way? And that we're trying to seek, what distinction were you trying to draw when you use this term as opposed to that term? That's not asking to define the terms. That's asking why someone factually did what they did.  Well, I think I would encourage this Court to look at this issue in the context that was presented before the District Court. The defense, in opening, announced that he intended to put on trial the government's opinion about the legality of the images. Then, during examination, the defense had considerable leeway with these witnesses. The briefs sort of create the impression that he was hamstrung, he was straightjacketed. He was able to ask Special Agent Bowes about her report. He read it into the record. He asked her about the websites. He showed her things about the websites. The District Court only put this one restriction on it. And, of course, the law on the circuit is that District Courts have to be vigilant about the admission of legal conclusions. And it was only at the point where the defense started asking about language in the statute or the language in the statute or really just whether the images were lawful that the government objected and the Court sustained it. And some of the questions, I would say, Your Honor, that in light of the context, including the opening statement, it was clear to the District Court where this line of questioning was going. The District Court was applying the vigilance that this Court has instructed it to apply. And, for example, Special Agent Bowes was asked why she didn't write sexually explicit conduct, which is, of course, the statutory language. The District Court didn't shut the line of questioning down. The District Court encouraged him to rephrase his question. And upon rephrasing, Defense Counsel said, well, child erotica, those are lawful, right? And then Defense Counsel mentioned to the Court that he's reviewed Eleventh Circuit case law on this. In context, it could not have been clearer to the District Court that this was the purpose of this examination. And the District Court was well within its discretion exercising the vigilance that this Court has commanded District Courts to exercise in excluding these opinions. Also, I think my time is running up. This is, of course, harmless because the images are on their face lascivious. And as Your Honors point out, this argument was presented to the jury and the jury simply rejected it. Thank you, Mr. Reynolds. Thank you, Your Honors. Mr. Kerr, you have six minutes. Your Honors, I think what the government is suggesting is exactly what the Supreme Court warned against in fervor is an expansive construction of this phrase, lewd exhibition of the genitals. And the Supreme Court emphasized in 2002 in Free Speech Coalition that the concern of overbreath, even allowing for offensive salacious material and a lot of the virtual porn was awful stuff, was necessary and they were very concerned about overbreath because the penalties are so severe. Counsel, what do we do with the statement in the Violent Crime Control and Law Enforcement Act of 1994, which is Public Law 103-322 and Section, what looks like, 160,003A1, and this is cited on pages 19 and 20 of the government's brief, that, quote, the scope of, quote, exhibition of genitals and pubic area in Section 22562E, in other words, the exact same thing we're talking about right now, in the definition of sexually explicit not limited to nude exhibitions or exhibitions in which the outlines of those areas were discernible through clothing. I missed the last sentence. Or exhibitions in which the outlines of those areas were discernible through clothing. In other words, isn't that saying that it doesn't need to be a nude exhibition or an exhibition where you have to discern through the clothing the outlines of the genital, the pubic and genital area? Number one, I don't think that nudity is the be-all and end-all on this issue. I think it's whether it connotes sexually explicit conduct, which implies sexual abuse. You keep saying that, but the problem is the term used in the statute, sexually explicit conduct, is defined, and it is defined in a way that has nothing to do with what you just said. You're using this term, and I think what Congress is saying, and what I understand the Supreme Court is essentially blessed, is that these five things that we've listed as sexually explicit conduct are the line between sexual abuse and that which is okay. And that includes lewd and lascivious conduct, or a lewd exhibition that shows these three areas, and Congress has explicitly said with regard to that, that it need not be a nude exhibition or an exhibition in which the outlines of the areas were discernible through clothing. How is this not exactly that case? Well, Your Honor, first of all, I believe that the Supreme Court's determination of what's constitutionally permissible outranks what some mention of the statute in the… No, it doesn't. Not where a facial attack on the statute has not been made. You've made a specific claim to us. The evidence is insufficient under the statute. Our role is to see, applying the statute, whether it was sufficient or not. Now, there may be a case out there where someone attacks facially the statute, like happens in the free speech case, in which we will be able to decide whether that statute is consistent with First Amendment principles, but that's not what we have here. You've made a vagueness challenge, which we haven't talked about, but it's separate, and then you've made the sufficiency challenge. As to the statute that is actually given to us by Congress in both public law and in the statute books, how is this, how is the images here not met? Well, I think the congressional record shows that that was a reaction to the Third Circuit decision and the Solicitor General's coming in on that case and really taking my side at the time. Congress did come back, and I acknowledge that they did make that statement. However, I think that it's wrong to take that 1994 statement in the congressional record. No, let me be clear. You're going to find very few who are more hostile to looking at congressional record interpreting statutes than I am, but that's in public law. That's in the declaration of Congress about the meaning of the statute. I think if you look at the entire body of law on this and this particular phrase of the statute and its evolution from 1982 in Ferber and through free speech coalition, you can see that the law changes, evolves. And a good example is this court's decision in Gribowitz of where I think this provision of sexually explicit conduct falls in with the other provisions that are obviously child pornography, intercourse, et cetera, et cetera, et cetera. And in Gribowitz, it's a catch-all category that involves a sex addiction that is in Gribowitz. It doesn't fall into any of the other categories, but it's clearly abuse of the child involved where the man… In that case, though, what we said was we had previously defined a lascivious exhibition as one that potentially excites sexual desires or is salacious. I only say that, I only quote that because you used the term salacious to describe these very items when you were here in your last argument. Yes, Your Honor. And I think that this material is salacious, and I think you'll find descriptions in the statute. If it is, then how is it not by definition a lascivious exhibit, exhibition, under Gribowitz? That doesn't distinguish it from child erotica. Then this court would have to determine that most child erotica, which is we have decisions in the circuits that say it's designed to fuel sexual fantasies of children and it is salacious and lascivious, then this court would have to decide then that a lot of that material also violates the statute if that's the only standard. And I think there has to be some sexually explicit conduct that connotes some form of sexual abuse, and this circuit's cases all involve that where we have decisions that outline this material. They all involve some sort of abuse of the child that will cause damage. Thank you, Mr. Kerr. Thank you. Thank you both. Mr. Kerr, I see that you're serving as court-appointed counsel. Thank you. We have your case under advisement.